## FARMERS' LOAN & TRUST CO. v. NEW ENGLAND WATERWORKS CO. et al.*

### UNITED WATERWORKS CO., Limited, v. SAME.

(Circuit Court of Appeals, Seventh Circuit.  February 7, 1905.)

#### Nos. 1,118, 1,130.

CORPORATIONS—MORTGAGES—FORECLOSURE — INCOME — APPLICATION — FISCAL AGENTS.

Where the income from certain waterworks companies, paid to its fiscal agents, was sufficient to pay installments of interest or coupons on prior mortgage debts, but such agents misapplied such income to the payment of a subsequent lien, they were not thereafter entitled to hold such coupons or installments of interest as outstanding debts under the mortgage lien, to the prejudice of bondholders.

Appeal and Cross-Appeal from the Circuit Court of the United States for the Southern District of Illinois.

This case arises on the petition in the Circuit Court of Samuel L. Peck, et al., committee of bondholders under the mortgage to the Farmers' Loan and Trust Company, setting forth the fact that in the decree heretofore entered in this case, there was reserved the question of whether twenty-seven hundred dollars of interest installments under the Caldwell mortgage held by The C. H. Venner Company were still due and unpaid; and whether thirteen thousand nine hundred eighty dollars of interest coupons under the Farmers' Loan and Trust Company mortgage held by The C. H. Venner Company are in fact unpaid; and asking that the court require the claims of The C. H. Venner Company and others holding said coupons, to present the same to the court, that the amount remaining due, if any, might be ascertained and determined. Under this petition The C. H. Venner Company presented its claims for the twenty-seven hundred dollars and the thirteen thousand nine hundred and eighty dollars, respectively; averring that the coupons and installments of interest for these amounts had been purchased by The C. H. Venner Company for value, and assigned to it, and were still outstanding debts against the company under the mortgage. To this claim the petitioners answered that the coupons had not been purchased by The C. H. Venner Company; that they had not legally been assigned to it; and that they were not outstanding debts under the mortgages; the answer averring that the coupons were, in fact, taken up and paid by the said The C. H. Venner Company, with moneys belonging to the Water Works Company, applicable to that purpose.

Further facts are stated in the main case, the decision in which has just been handed down. The New England Water Works Co. et al. v. The Farmers' Loan & Trust Co. et al. (C. C. A.) 136 Fed. 521.

The Circuit Court decreed that The C. H. Venner Company was entitled to receive the twenty-seven hundred dollars represented by installments of interest secured by the Caldwell mortgage, said to be assigned to The C. H. Venner Company; as also seventeen hundred and forty dollars represented by coupons detached from bonds secured by the mortgage to the Farmers' Loan and Trust Company; and for said amounts the said The C. H. Venner Company was entitled to the protection of the lien of said mortgages.  As to

*Rehearing denied April 11, 1905.

the other coupons presented by The C. H. Venner Company, the court decreed that they were paid and extinguished, and were not liens under the mortgages. From this decree the appeal and the cross appeal are prosecuted. The further facts are stated in the opinion.

J. Markham Marshall, for Samuel L. Peek et al.

James Hamilton Lewis, for C. H. Venner Co.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

GROSSCUP, Circuit Judge. The foreclosure decree in the case of The New England Water Works Company, et al., vs. The Farmers' Loan and Trust Company, Trustee, et al., reserved for further consideration, the question of what should be done with the twenty-seven hundred dollars of past due interest, held by The C. H. Venner Company, under the Caldwell mortgage, and the thirteen thousand nine hundred and eighty dollars of past due coupons held by The C. H. Venner Company under the Farmers' Loan and Trust Company mortgage. The decree of the Circuit Court, now under review, takes up and decides this feature of the case.

The petitioning bondholders claim that The C. H. Venner Company was the fiscal agent of all the water works companies involved in this controversy; that as such fiscal agent, it received the income of all the companies; that the income of the companies for the years named—1898–1899–1900—were sufficient, after the payment of operating expenses, to meet and pay the interest in question; that but for the application of this income to coupons maturing on the subsequent mortgage made by the Boston Company to the International Trust Company, and to the rents ostensibly accruing to the Boston Company under its contract with the New England Company, there would have been sufficient to pay these installments of interest and coupons as they matured; that the Farmers' Loan and Trust Company mortgage, and the Caldwell mortgage, including this interest, was a lien upon the pumping station and mains, prior in equity to any claim of the Boston Company thereon for rentals, or any lien of the International Trust Company on account of its mortgage; wherefore, the use of these moneys to pay such rentals and interest was an unauthorized diversion of the moneys belonging to the New England Company, to the uses of The C. H. Venner Company, who being the beneficiary of the rents and of the interest, thereby became the beneficiary of the diversion.

We have already held that the Farmers' Loan and Trust Company mortgage, and the Caldwell mortgage, including the interest coupons, are liens, prior in equity to any title of the Boston Company upon the pumping station, with its connecting mains, or to any lien of the International Company growing out of the mortgage executed by the Boston Company. Connected with this, the evidence in this case satisfies us that had The C. H. Venner Company applied the income received by it, as the fiscal agent of the New England Company, to the payment of this interest as it matured, without diversion of any such income to payments that ought not to have been made until the interest was thus met and

retired, no outstanding installments of interest or coupons would now be in existence. These two conclusions determine the question before us. The C. H. Venner Company cannot be permitted to apply the money, that ought to have gone to the payment of interest, to its own personal purposes. It cannot, under these circumstances, hold the coupons or installments of interest as outstanding debts under the mortgage lien. Nothing more injurious to the bondholders could be conceived; for under the terms of the mortgage, the coupons and unpaid interest take priority, in the marshaling of assets, over the principal itself. And nothing could be more inequitable, for the transaction amounts to a direct diversion of income that under the rights of the parties ought to have been devoted, and under the duty resting on The C. H. Venner Company, as fiscal agent, should have been applied by it, to the payment of the interest maturing on the bonds.

The decree of the Circuit Court is reversed so far as it holds that The C. H. Venner Company is entitled to payment of the coupons and interest installments, represented in the claim presented held by it, with instructions to enter a decree finding that The C. H. Venner Company has no claim growing out of the interest and coupons involved in this suit, and to disallow such claim.